### S. DRABELL *v.* JAMES SMALL, ET AL.

**Recovery of Real Estate—Rents of Land While Unlawfully Detained.**

When an action to recover land is determined in favor of the plaintiff who afterwards institutes a suit for mesne profits, the defendant will not be allowed to dispute the right of the plaintiff to recover such mesne profits after the day of the denial laid in the declaration. The recovery of the real estate will estop the defendant from denying plaintiff's right to rent.

APPEAL FROM TODD CIRCUIT COURT.

December 8, 1876.

OPINION BY JUDGE PRYOR:

The original action for the recovery of the house and lot was instituted in August, 1869. The object of that action was to recover of the present appellees the property in controversy, and of their tenants, the grantees, three hundred dollars, its annual rental value. There was a judgment in favor of the appellant for the recovery of the house and lot, and no judgment rendered for the rent. The court no doubt declined to render a judgment against the tenant for the reason that the appellants had a plain remedy against the appellees, of whom the party in possession had rented, for all the damages he might have sustained. There was no claim asserted against the present appellees for either rent or damages, and the whole case was prepared, as appeared from the record, with the view alone of determining the question as to the title.

In the case of *Walker v. Mitchell,* 18 B. Mon. 541, the petition charged that Mitchell held possession of the land two years without right, and for that time had unlawfully kept the plaintiff out of possession. Wherefore he prayed judgment for the land and $200.00 damages for being kept out of possession. The plaintiff on the trial recovered the land and one cent in damages. He had elected to not only sue for the land but the damages for the two years detention, and the court, in the judgment, determined both issues, viz.: that the plaintiff was entitled to the land, and one cent in damages. In the original action between these parties no damages were claimed of the appellees, and no judgment determining the liability of the tenant, even for the rent, and therefore the judgment giving appellant the land constituted no bar to a recovery of mesne profits or damages for the detention.

The present action of the appellant is in the nature of an action for use and occupation, or for money had and received for plaintiff's use for collecting the rents while the defendants were in the possession. It is alleged that he is the owner of the land, and was the owner while the appellee was in possession, receiving the rents from the tenants whose names are given, and that the money was received for the appellant under a promise to the appellees to pay it to him. Under this character of action no recovery of rent can ordinarily be had from a party who had entered upon the land as claimant, and so held, for the reason that the relation of landlord and tenant did

not exist, and in the absence of some agreement to pay after the unlawful entry the law will not imply the promise. The plaintiff should allege the unlawful entry, and his ejection from the premises by the defendant, or should at least allege that he was the owner and entitled to the use and rent of the land, and that the defendant was unlawfully in posssssion.

The inquiry here is, has the petition been cured by the answer? It is alleged that the appellant was the owner, a fact admitted by the answer, and this last pleading, by the various statements, so far aids the petition as to represent a state of case that authorizes a recovery without any proof, except as to the value of the rent or damages sustained. The promise to pay rent is denied, but they say that they purchased the lot in good faith and paid for it and had it in possession by their tenants when the appellant, on the 12th day of August, 1869, instituted suit against the tenants and these defendants (appellees) to recover said house and lot, and the rents and damages for the detention of the same, and recovered a judgment for the house and lot, and no rents or damages for the detention. They therefore pleaded said judgment in bar. On the trial of the case on the issue thus presented the appellees offered and read the record of the original action in bar of the recovery, and the court below instructed the jury to find for the defendants. This was error. After a recovery in ejectment the defendant in an action for mesne profits will not be allowed to dispute the right of the plaintiff to recover mesne profits after the day of the denial laid in the declaration. Chitty's Pleading, 196. So, under our practice, when the action is instituted and the party before the court, the recovery of the realty will estop the defendant from denying the plaintiff's right to rent. To this rule there are exceptions. 1 Chitty 196.

It is argued, however, that the appellant cannot recover, because he has sued in assumpsit. This would be true but for the defense. The appellee says, "You are not entitled to recover because I was in the possession of the land claiming it in my own right by my tenants, and by your action instituted in 1869 you recovered the lot from me and also these rents that you are now claiming." In presenting these facts by allegations and proof the appellee has supplied any defect in the petition, and although the promise to pay is still there, it can be regarded as surplusage and the right of recovery maintained.

This is rather a novel case in pleading. The defendant, by his answer, has converted an action in assumpsit into an action of trespass. There is some similarity, however, in the two actions. Chitty says

that an action for use and occupation may be maintained for mesne profits accruing before the day of the denial in the declaration; and if instituted after the recovery in ejectment, if the defendant sees proper to present the facts by way of defense in the form of a plea, instead of merely denying the promise to pay and the fact of the tenancy, we see no reason why the petition is not so cured as to authorize a recovery. The defense is, "I made no promise to pay, but took possession of and used your property against your will, and for that reason am not liable."

The pleader, by his answer and proof, shows that he was wrongfully in possession and that he collected the rents to which appellant was entitled. This course of defense was pursued because the appellees regarded the recovery in ejectment as a bar to the recovery for rents, and staked the result upon the admission that they had collected the rents, but a recovery had been had in a different form of action; and regarding this as an action for use and occupation or for money in the way of rent received for the plaintiff, the latter was entitled to a judgment.

The judgment is *reversed* and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion. Either party should be allowed to amend their pleadings.

*Edwards & Seymour, for appellant.*

*W. P. D. Bush, H. G. Petrie, for appellees.*